By the Court. Hoffman, J.
There is no evidence in the case, and none was offered, which would tend to render either of the defendants liable, except Tinker and John Griswold.
As to Griswold, there is no testimony of his ordering the articles, either personally or through an agent. There is no proof of the plaintiff intending to charge him, or furnishing the supplies upon his credit.
The contract between him and J. A. Westervelt brings the case within the authority of Andrews v. Durant, (1 Kernan’s Bep. 85.) The ownership of the vessel was in Westervelt, until she was completed and delivered.
It is true, that this contract did not comprise the construction of the whole vessel; it did embrace the hull, spars, top iron work and cabin. All the materials sued for went into the hull.
There may arise a case, in which a building contract is limited to so small a part of the vessel as to create an exception to the rule of Andrews v. Durant, as where the materials could not have been employed in the portion embraced in the contract;- but, whatever be the rule to be adopted in such a case, the present is *489 not of that character. The materials furnished went into the hull, which Wester velt was to build.
His own opinion, therefore, that they were not to be supplied by him within his contract, is immaterial, and his opinion is counterbalanced by that of Captain Morgan.
We consider it to be clear, that no case has been made out against the defendant Griswold.
As to the defendant Tinker, he was neither owner nor master, nor was the credit given to him, nor did the plaintiff ever indicate, until suit brought, an intention to charge him. Indeed, the testimony only proves that he directed where the materials were to be used, their size and fitting—not that he ever ordered them.
The plaintiff has failed to make out a case against either of these defendants. It is needless, therefore, to consider the point raised by the defendants’ counsel, that the misjoinder’ of the other defendants, against whom there was not the least evidence, justified a nonsuit as to all. We apprehend, however, that he is wrong, and that a joint action against any number may be sustained upon the evidence, as to one or more, and fail as to the rest. (1 Kernan, 294; 5 Duer, 328; 15 Barbour, 524.)
The judgment will be for the dismissal of the complaint with costs.